# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JANGBIR SANGHA,

    Plaintiff,

    v.

VOLKSWAGEN AG, et al.,

    Defendants.

Case No. 20-2115-JAR-KGG

## MEMORANDUM AND ORDER

This case was recently removed from Wyandotte County District Court. In reviewing the state court record attached to the Notice of Removal, the Clerk identified a Motion for Summary Judgment filed by Defendant Molle Automotive Group, LLC ("Molle") that was pending before removal, and filed it as a separate document in this case in order to trigger responsive deadlines.[1] Upon further review of the state court record, it appears that on March 6, 2020, the state court orally ruled on two motions: it denied Defendant Volkswagen AG's motion to dismiss for lack of personal jurisdiction and granted Plaintiff Jangbir Sangha's motion for an extension of time to respond to the pending motion for summary judgment. The court directed Plaintiff to file a Journal Entry, but the case was removed before this happened.[2]

After a case is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."[3] "A prior state court order in essence is federalized when the

---

[1] Doc. 10.

[2] Defendant Volkswagen AG attached the Transcript from the March 6, 2020 Motion Hearing to its Motion for Reconsideration filed on March 20, 2020. Doc. 13-5. It was not included in the state court record filed at the time of removal.

[3] 28 U.S.C. § 1450.

action is removed to federal court, although the order remains subject to reconsideration just as it had been prior to removal."[4] Therefore, this Court is "free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered."[5] On reconsideration, the state court order is not entitled to deference, and because federal procedure governs, "the federal court should ensure that the order is consistent with the federal rules."[6]

This Court has now reviewed Plaintiff's motion for extension of time filed in state court. Plaintiff sought an extension of time to respond "until the close of discovery or until July 2020," on the basis that the case had not proceeded past written discovery, and he required further discovery in order to respond.[7] The state court granted Plaintiff until the end of July to respond in order to allow him more time for discovery, particularly in light of the fact that Volkswagen AG had not yet filed its Answer. In federal court, a motion for extension of time on these grounds is governed by Fed. R. Civ. P. 56(d). Therefore, the Court directs Plaintiff to resubmit a motion for extension of time to respond to the pending summary judgment motion that is now before this Court. If Plaintiff seeks the same lengthy extension of time on the same basis, he is directed to make the appropriate showing under Rule 56(d); the Court will then consider its options as provided under that rule.

**IT IS THEREFORE ORDERED BY THE COURT** that the July 2020 deadline to respond to Defendant Molle's Motion for Summary judgment is vacated. Plaintiff shall either respond to the motion or file a motion for extension of time that complies with the federal and local rules by April 1, 2020.

---

[4] *Brown v. K-MAC Enters.*, 897 F. Supp. 2d 1098, 1103 (N.D. Okla. 2012) (quoting *Laney ex rel. Laney v. Schneider Nat'l Carriers, Inc.*, 259 F.R.D. 562, 564 (N.D. Okla. 2009)).

[5] *Id.*

[6] *Id.*

[7] Doc. 1-1 at 814.

**IT IS SO ORDERED.**

Dated: March 25, 2020

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        CHIEF UNITED STATES DISTRICT JUDGE