## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JANGBIR SANGHA,**

**Plaintiff,**

**v.**

Case No. 20-2115-JAR-KGG

**VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., and MOLLE AUTOMOTIVE GROUP, LLC,**

**Defendants.**

## MEMORANDUM AND ORDER

Defendants Volkswagen AG and Volkswagen Group of America (collectively "Volkswagen") filed a Joint Notice of Removal on March 11, 2020,[1] removing this action from the District Court of Wyandotte County, Kansas. Defendant Molle Automotive Group, LLC ("Molle") consented to removal.[2] The Notice of Removal cites 28 U.S.C. § 1332 as a basis for jurisdiction—diversity of citizenship between the parties and an amount in controversy that exceeds $75,000—and asserts that Molle, the only non-diverse Defendant, was fraudulently joined to defeat federal jurisdiction. Before the Court is Plaintiff Jangbir Sangha's Motion to Remand (Doc. 20) and Defendants' Motion for Leave to File Sur-Response to Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand (Doc. 29). The motions are fully briefed, and the Court is prepared to rule. The Court denies Volkswagen's motion for leave to file a sur-response because the Court does not rely on the allegedly new issues raised in

---

[1] Doc. 1.

[2] Doc. 1-2.

the reply brief.[3]  As described more fully below, Sangha's motion to remand is granted because the Court lacks subject matter jurisdiction and Volkswagen fails to meet its heavy burden of demonstrating fraudulent joinder.  Alternatively, the motion to remand is granted based on untimely removal.

## I.     Background

This products liability action was originally filed in Wyandotte County, Kansas District Court on May 15, 2019.  Sangha's claims arise out of an automobile accident involving a 2007 Volkswagen Passat Wagon that occurred on June 17, 2017, during which the vehicle's allegedly defective airbag inflator violently exploded, causing Sangha to sustain a head injury.  Sangha asserts claims under the Kansas Product Liability Act ("KPLA") based on allegations that the airbag inflator was unreasonably dangerous and defective in its design, and that Defendants breached their duty to warn him about the airbag's defect.  The 26-page Petition attached multiple exhibits in support of Sangha's allegations.

According to the Petition, Sangha is a citizen and resident of the State of Kansas.  The Volkswagen Defendants were named as manufacturers and sellers of the Passat.  Volkswagen AG is a German corporation with authorized dealerships in North America.  Volkswagen Group of America, Inc. is a subsidiary or operating unit of Volkswagen AG and is a New Jersey corporation headquartered in Virginia.  Molle was the dealer that sold Sangha the Passat.  Molle also inspected, examined, reviewed, repaired, and/or performed maintenance on the vehicle before the accident.  Molle is a Missouri limited liability company with its principal place of

---

[3] *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (explaining that when new arguments are raised in reply, the Court must either allow the nonmovant to respond or decline to rely on the new arguments raised in the reply).

business in Missouri; its members are Missouri and Kansas residents.  Sangha seeks damages in excess of $75,000.

Molle filed its Answer on January 29, 2020, asserting among other defenses a "seller's defense" to liability under K.S.A. § 60-3306(a).  On February 11, 2020, Molle moved for summary judgment on this defense, attaching an affidavit from one of its representatives in support.  On March 6, 2020, the state court orally granted Sangha an extension until the close of discovery on July 31, 2020, to respond to summary judgment.  Five days later, on March 11, Volkswagen filed its Notice of Removal.  Volkswagen maintains that they first learned of the factual basis for fraudulent joinder after reviewing Molle's summary judgment motion in state court and filed within thirty days of this notice.

After reviewing the substantial state court record upon removal, the Court directed Sangha to resubmit his request for additional time to respond to the summary judgment motion in compliance with the governing federal rule, Fed. R. Civ. P. 56(d).[4]  On April 1, 2020, Sangha filed a motion for extension of time to respond until the close of discovery, which he amended on April 3.[5]  This request remains pending.  Also pending is a motion to reconsider the state court's decision denying Volkswagen AG's motion to dismiss for lack of personal jurisdiction,[6] and Defendants' motion to stay discovery unrelated to the fraudulent joinder inquiry.[7]

---

[4] Doc. 14.

[5] Docs. 15, 16.

[6] Doc. 12.

[7] Doc. 30.

II.     **Standard**

Federal district courts are required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]  To avoid remand, the removing party must establish federal jurisdiction by a preponderance of the evidence.[9] Because federal courts are courts of limited jurisdiction, courts strictly construe federal removal statutes with a presumption against federal jurisdiction.[10]  Courts must follow the inflexible and without exception presumption against federal jurisdiction by denying jurisdiction in all cases where federal jurisdiction does not affirmatively appear in the record.[11]  Moreover, courts must resolve doubtful cases in favor of remand.[12]

III.    **Discussion**

A.      **Diversity Jurisdiction**

Remand is generally improper if the defendant appropriately removed a case to federal court that the plaintiff could have originally filed in federal court.[13]  Federal courts are courts of limited jurisdiction, and as such, they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[14]  Volkswagen asserts federal jurisdiction based on diversity, which requires a showing of complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000.[15]

---

[8] 28 U.S.C. § 1447(c).

[9] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[10] *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1043, 1047 (D. Kan. 1999) (citations omitted).

[11] *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982).

[12] *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

[13] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[14] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[15] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

The parties do not dispute that the amount in controversy requirement is met.  For purposes of diversity jurisdiction, Sangha is a citizen of Kansas, Volkswagen Group of America is a citizen of both its state of incorporation—New Jersey—and its principal place of business—Virginia.[16]  Volkswagen AG is an international corporation based in Germany.  Courts determine a limited liability company's citizenship for jurisdictional purposes by the citizenship of its members.[17]  Therefore, Molle is a citizen of both Kansas and Missouri since it has members in both states.  Because Sangha and Molle are both citizens of Kansas, diversity jurisdiction is lacking on the face of the Petition.

### B.      Fraudulent Joinder

The Notice of Removal asserts that Sangha fraudulently joined Molle to defeat diversity jurisdiction.  Fraudulent joinder is a difficult-to-establish exception to complete diversity that prevents remand.[18]  The presence of a fraudulently joined defendant does not defeat complete diversity, as courts do not consider the citizenship of fraudulently joined parties when evaluating diversity jurisdiction.[19]  Instead, under the fraudulent joinder doctrine, federal district courts disregard "for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[20]  As the party seeking federal jurisdiction, the removing party bears the heavy burden of proving a party was fraudulently joined to defeat jurisdiction by demonstrating either "(1) actual fraud in

---

[16] *See Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

[17] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

[18] *See Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019).

[19] *Id.*

[20] *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999)).

the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[21]  Volkswagen argues the second basis for fraudulent joinder applies because Molle is immune from liability under the KPLA based on the seller's defense.

The standard for fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."[22]  Defendants "must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court."[23]  However, the Court need not "take all allegations in the complaint at face value."[24]  Instead, the Court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[25]  The Court must "initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."[26]  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[27]

---

[21] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[22] *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. April 14, 2000) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d. 848, 851–53 (3d Cir. 1992)).

[23] *Id.* at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

[24] *Rudzik v. Star Ins. Co.*, No. 14-1421-MLB, 2015 WL 1923892, at *3 (D. Kan. Apr. 28, 2015).

[25] *Id.* (quoting *Dodd v. Fawcett Publc'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

[26] *Montano*, 2000 WL 525592, at *1 (quoting *Hart*, 199 F.3d at 246).

[27] *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

### 1.    Pending Summary Judgment Motion

Volkswagen characterizes the motion to remand as premature and contends that the Court must first decide Molle's motion for summary judgment on its seller's defense before deciding the motion to remand.  The Court declines Volkswagen's invitation for several reasons.  Most glaringly, there is no response yet to the summary judgment motion, and Sangha takes the position that he requires discovery in order to respond.  His motion for extension of time to respond under Fed. R. Civ. P. 56(d) remains pending.

Additionally, because the motion to remand implicates the Court's subject matter jurisdiction, it is a threshold issue.[28]  Waiting for several weeks, if not months, for the summary judgment briefing to conclude runs counter to the Court's mandate of assuring itself of its own jurisdiction.  It is also contrary to Fed. R. Civ. P. 1, which advises that the federal rules should be administered in a way that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding."

Moreover, the Tenth Circuit's directive to pierce the pleadings when considering fraudulent joinder does not mean that the Court should decide the summary judgment motion before remand. To be sure, the Court may consider the entire record, including Molle's evidence in support of summary judgment, in deciding the fraudulent joinder question.  But the underlying factual and legal issues are to be resolved under the fraudulent joinder standard, in favor of Sangha.  Rather than demonstrate that there is no genuine issue of material fact such that Molle

---

[28] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

is entitled to judgment as a matter of law,[29] Volkswagen must show that there is no possibility Sangha can recover from Molle in state court.  In other words, even if Molle prevailed on the summary judgment motion, it would not necessarily follow that Volkswagen demonstrated fraudulent joinder.

Volkswagen relies on cases where motions to remand addressing fraudulent joinder were considered in conjunction with motions to dismiss.  But these cases do not support Volkswagen's contention that a non-jurisdictional motion for summary judgment that is not yet fully briefed should be decided before a motion to remand alleging fraudulent joinder.  In *Smoot v. Chicago, Rock Island & Pacific R.R.*, the Tenth Circuit affirmed the district court's decision to grant a motion to dismiss that it construed as a motion for summary judgment by the fraudulently joined party and deny the plaintiff's motion to remand.[30]  Because the "non-liability of [the defendant was] established with complete certainty upon undisputed evidence, it was then subject to summary determination, and . . . "his 'continued joinder serves only to frustrate federal jurisdiction.'"[31]  There is no indication in this decision that the dispositive motion was decided "prior to" the remand motion, as Volkswagen suggests.  Rather, the Tenth Circuit stated that these motions "were heard at the same time."[32]

Similarly, in *Bond v. General Motors Corp.*,[33] Judge Marten considered a motion to remand together with the defendant's motion to dismiss because "the arguments in the two motions overlap" on the fraudulent joinder issue, and they were both presumably ripe for

---

[29] *See* Fed. R. Civ. P. 56(a).

[30] 378 F.2d 879 (10th Cir. 1967).

[31] *Id.* at 882 (quoting *Dodd v. Fawcett Publc'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (citation omitted).

[32] *Id.* at 881.

[33] No. 05-1275-JTM, 2006 WL 279018 (D. Kan. Feb. 2, 2006).

decision.[34]  Finally, the court in *Bristow First Assembly of God v. BP p.l.c.*,[35] did not "rule[] on a motion to dismiss prior to deciding whether to remand [the] action removed on the basis of fraudulent joinder," as Volkswagen suggests.[36]  There, the Northern District of Oklahoma first considered and denied the motion to remand, finding that certain defendants were fraudulently joined.[37]  Only then did the court proceed to consider two separate motions to dismiss under Fed. R. Civ. P. 12(b)(5) and (6).[38]  Thus, that court assured itself of its jurisdiction before considering the other grounds for dismissal.  These cases do not support Volkswagen's position that resolution of Molle's summary judgment motion should precede the motion to remand.

The Court therefore considers the seller's defense in the context of the motion to remand. If Volkswagen is unable to demonstrate fraudulent joinder, the Court must remand, and the state court can ably determine whether summary judgment is warranted in favor of Molle on the seller's defense.  If Volkswagen is able to demonstrate fraudulent joinder and timely removal, the Court must dismiss Molle for lack of subject matter jurisdiction, and the motion for summary judgment becomes moot.  Either way, the jurisdictional question must be decided first.

### 2.     Seller's Defense Under K.S.A. § 60-3306

Sangha's defective design and failure to warn claims are brought under the KLPA.  The public policy behind the KLPA is "to limit the rights of plaintiffs to recover in product liability suits generally and to judge a product for an alleged defect only when it is first sold."[39]  A "[p]roduct liability claim" under the KLPA:

---

[34] *See id.* at *1.

[35] 210 F. Supp. 3d 1284 (N.D. Okla. 2016).

[36] Doc. 23 at 8.

[37] *Bristow*, 210 F. Supp. 3d at 1288–92.

[38] *Id.* at 1292.

[39] *Patton v. Hutchinson Wil-Rich Mfg. Co*., 861 P.2d 1299, 1309 (Kan. 1993).

> includes any claim or action brought for harm caused by the
> manufacture, production, making, construction, fabrication, design,
> formula, preparation, assembly, installation, testing, warnings,
> instructions, marketing, packaging, storage or labeling of the
> relevant product.  It includes, but is not limited to, any action based
> on, strict liability in tort, negligence, breach of express or implied
> warranty, breach of, or failure to, discharge a duty to warn or
> instruct, whether negligent or innocent, misrepresentation,
> concealment or nondisclosure, whether negligent or innocent, or
> under any other substantive legal theory.[40]

All products liability actions, regardless of theory, are merged into one product liability claim under the KLPA.[41]

K.S.A. § 66-3306 limits liability for sellers under certain circumstances, and Molle argues in its summary judgment motion that this provision shields it from liability.  Therefore, the Court must consider whether it can summarily determine that Molle is immune from liability under K.S.A. § 60-3306(a), which provides:

> A product seller shall not be subject to liability in a product
> liability claim arising from an alleged defect in a product, if the
> product seller establishes that:
>
> (1) such seller had no knowledge of the defect;
>
> (2) such seller in the performance of any duties the seller
> performed, or was required to perform, could not have discovered
> the defect while exercising reasonable care;
>
> (3) such seller was not a manufacturer of the defective product or
> product component;
>
> (4) the manufacturer of the defective product or product
> component is subject to service of process either under the laws of
> the state of Kansas or the domicile of the person making the
> product liability claim; and

---

[40] K.S.A. § 60-3302(c).

[41] *Id.*; *see also Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1158 (D. Kan. 2004).

(5) any judgment against the manufacturer obtained by the person
making the product liability claim would be reasonably certain of
being satisfied.

Sangha argues that Molle cannot summarily establish the seller's defense under K.S.A. §
60-3306(a), relying on allegations in the Complaint and exhibits attached thereto.  Volkswagen
argues that Molle's summary judgment motion, and the attached declaration of Molle's general
manager, Shawn Hulse, establishe the seller's defense with complete certainty.  Hulse searched
Molle's records for information about its sale of the Passat to Sangha in 2006 and its service
records related to the vehicle.  Hulse states that Molle sold the 2007 Passat to Sangha on August
26, 2006, and that the last date Molle performed service on the vehicle was August 14, 2015.
Molle is a car dealership and did not design, produce, make, fabricate, construct, or manufacture
the subject vehicle or the airbag.  Hulse attests that Molle had no knowledge about the alleged
airbag defect at the time it sold the vehicle to Sangha, and that it could not have reasonably
discovered the defect before the sale.  Hulse further attests that Molle first had notice of a
potential airbag defect on October 3, 2016.

On the first element, Molle argues in its summary judgment motion that knowledge of
defect is measured at the time of sale, and because Molle could not have had knowledge of the
defect in 2006 when Sangha purchased the 2007 Passat, it lacked knowledge of the defect under
the statute.  K.S.A. § 60-3306(a) does not specify when the product seller's knowledge is
measured, nor does Kansas caselaw explicitly provide that knowledge is measured at the time of
the product's sale for all claims covered by the Act.

Molle cites two federal cases for the proposition that the seller's knowledge under § 60-
3306(a)(1) is measured at the time of sale, but these cases discuss strict liability claims for

defective design.[42]  Here, Sangha's claims are not limited to allegations of defective design; he also alleges that Defendants had a post-sale duty to warn that arose once Defendants knew or had reason to know of the airbag defect.[43]  Molle does not dispute that it obtained knowledge of the airbag defect after the point of sale but before Sangha's accident.  Therefore, the Court cannot find controlling law dictates that knowledge for purposes of Sangha's claims is solely measured at the point of sale.  Resolving all legal and factual disputes in favor of Sangha, as the Court must when evaluating fraudulent joinder, the Court cannot summarily find on this record that Molle lacked knowledge of the defect at the point in time relevant to Sangha's product liability claims.

On the second element, Sangha alleges that Molle could have discovered the defect either based on the notoriety of the airbag defect, or in its performance of duties maintaining the vehicle.  Sangha alleges that Molle inspected, examined, reviewed, repaired, and/or performed maintenance on the vehicle before the accident, and that in the course of such duties should have discovered the airbag defect.  According to the Petition, Molle had reason to know about the recall as early as January 2016, and certainly when it received the February 10, 2016 Advance Notice of Recall,[44] yet it did not send a recall notice to or otherwise warn Sangha until late 2017, after his accident.  The Petition further alleges that because Molle sold the vehicle to Sangha and

---

[42] *Wheeler v. FDL, Inc.*, 369 F. Supp. 2d 1271, 1276 (D. Kan. 2004); *McHenry ex rel. McHenry v. Sears, Roebuck & Co.*, No. Civ. A. 99-2351-CM, 2000 WL 1472742, at *3–4 (D. Kan. Aug. 3, 2000).

[43] *See Gaumer v. Rossville Truck & Tractor Co.*, 257 P.3d 292, 301–02 (Kan. 2011); *Patton*, 861 P.2d at 1310.  The court in *McHenry* found that the plaintiff's post-sale duty to warn claim failed because Sears was not the manufacturer of the product at issue and because there was no evidence or argument that the hazard at issue was life threatening.  2000 WL 1472742, at *4.  Therefore, the court did not consider the knowledge element of the seller's defense in the context of any failure to warn claim.  Molle does not raise these arguments in its summary judgment motion, nor does Volkswagen in its response to the motion to remand, and the Court declines to address them sua sponte.

[44] Doc. 20-1, Ex. C.

performed regular maintenance, Molle knew how to contact Sangha and advise him of the defect yet failed to do so.

Husle's declaration states that Molle first learned of the defect in October 2016, but this is at odds with the recall notices attached to the Complaint showing notice was sent earlier in 2016.  Resolving all factual and legal issues in favor of Sangha, the Court cannot summarily find that there is no possibility that Molle could have learned of the defect while exercising reasonable care in the performance of its duties.

In sum, resolving all disputed issues of fact and ambiguities in the controlling law in favor of Sangha, Volkswagen has not met its heavy burden of demonstrating that Sangha has no possibility of a product liability claim against Molle in state court.  The summary judgment motion was not fully briefed, and the arguments and evidence submitted with the motion to remand are too underdeveloped to allow this court to determine with complete certainty that the seller's defense bars liability against Molle.  Thus, the Court lacks removal jurisdiction and the motion to remand must be granted.

### C.   Timeliness of Removal

Assuming, *arguendo*, that Volkswagen was able to demonstrate fraudulent joinder, the Court would remand the case due to untimely removal.  Under 28 U.S.C. § 1446(b)(1), the notice of removal must be filed within 30 days of receipt by the defendant of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons."  However, under § 1446(b)(3):

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This case was originally filed in state court on May 15, 2019.  Molle was served on July 8, 2019, and filed its Answer on January 29, 2020, asserting the seller's defense under K.S.A. § 60-3306.  On February 11, 2020, Molle filed its motion for summary judgment, attaching the Hulse Declaration.  Volkswagen filed its Notice of Removal on March 11, 2020, 30 days after receipt of the summary judgment motion.  Sangha argues that Volkswagen should have "first ascertained" that the case had become removable upon service of the Petition in 2019, or at the latest upon receipt of Molle's Answer on January 29, but instead waited until the summary judgment filing to remove.  Volkswagen insists that it did not "first ascertain" the removability of this action until it received the Hulse Declaration attached to the summary judgment motion.

For purposes of determining when the thirty-day clock in the statute runs, the notice of removability must be clear and unequivocal.[45]  "Ascertained" under § 1446(b)(3) "means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'"[46]  Here, unlike most cases involving the sufficiency of notice, Volkswagen does not claim that it learned new facts from Sangha about his claims that give rise to removal jurisdiction that could not have been gleaned from an ambiguous initial pleading.[47]  Instead, Volkswagen insists that it was not until it received a statement from its Co-Defendant that it became aware of a basis for removability.

Sangha's Petition was neither amended nor clarified after its initial filing; it has always asserted claims against all three Defendants under the KPLA.  The Petition makes clear that

---

[45] *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998).

[46] *Id.* (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 490 (10th Cir. 1979)).

[47] *See, e.g.*, *Akin*, 156 F.3d at 1035–36 (finding first clear notice given in the plaintiff's answers to interrogatories); *Jones v. Arvest Bank*, No. 16-CV-361-JED-FHM, 2017 WL 2633392, *1–2 (N.D. Okla. June 19, 2017) (finding first clear notice in the plaintiff's clarification filing stating that damages in excess of $75,000)

Molle was the dealer that sold Sangha the vehicle and that it did not have notice of the defect at the time of sale.  Indeed, the Sixth Circuit decision that Volkswagen relies on contemplates that plaintiffs are able to protect themselves from intentionally delayed removals by providing to Defendants any document from which removal might be ascertained and start the 30-day clock: "Once a plaintiff has done so, '§ 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff,'" and therefore "both sides [are provided] with tools to prevent 'gamesmanship' over federal jurisdiction."[48]  Here, there is no document or discovery provided by Sangha that delayed Volkswagen's ability to ascertain the presence of Molle's seller's defense.  Instead, Volkswagen relies on a legal assertion of an affirmative defense by its Co-Defendant in moving papers.  As a matter of policy, the Court is skeptical that the circuit courts to consider this issue had such a document in mind when formulating the rule that a statement of removability must be clear and unambiguous.[49]  Otherwise, any dispositive motion filed late in a state court proceeding by a non-diverse defendant could trigger removal on the basis of fraudulent joinder.

But assuming without deciding that the facts giving rise to Molle's seller's defense were not ascertainable from the initial pleading, the Court agrees with Sangha that they were certainly ascertainable without further investigation upon receipt of Molle's Answer, which explicitly asserted immunity under K.S.A. § 60-3306(a).[50]  Because the Notice of Removal was not filed

---

[48] *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 286 (6th Cir. 2016) (first quoting *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013), then quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014)).

[49] *See Bouvette v. Am Water Works Serv. Co.*, No. 2:13-cv-14908, 2013 WL 4805750, at *3 (S.D.W. Va. Sept. 9, 2013) ("The defendants cite to no case, and I have found none, supporting the proposition that the removal clock begins running when defense counsel receives a document from the defendant itself indicating that the action is removable.").

[50] *See Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 949–50 (6th Cir. 2011) (finding removal clock on the basis of  fraudulent joinder started running upon receipt of co-defendants' answer denying liability, not receipt of affidavits providing detailed denial of liability); *see also Yount v. Shashek*, 472 F. Supp. 2d 1055, 1064

within 30 days of receipt of Molle's Answer, it was untimely.  Therefore, even if the Court found that Volkswagen met its burden of establishing fraudulent joinder, the case must be remanded because the removal was untimely.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to File Sur-Response to Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff Jangbir Sangha's Motion to Remand (Doc. 20) is **granted**.  In light of this ruling, the following motions that pertain only to federal court proceedings and deadlines are **moot**: Plaintiff's Motion and Amended Motion for Extension of Time to File Response to Motion for Summary Judgment (Docs. 15, 16); and Defendants' Motion to Stay Discovery (Doc. 30).

**IT IS FURTHER ORDERED** that the Clerk shall remand this action to the Wyandotte County District Court.

**IT IS SO ORDERED.**

Dated: June 16, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

(S.D. Ill. 2006) (finding defendants should have been on notice at the time of complaint that diverse co-defendants potentially would be dismissed under seller's defense to product liability claim).